UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RASSAUN E. JOHNSON (a/k/a "RJ"),<br><br>Defendant. | CASE NO. 2:19cr068<br><br>JUDGE Judge Watson<br><br>INFORMATION<br><br>18 U.S.C. § 1349<br>18 U.S.C. § 1956(h)<br>FORFEITURE ALLEGATION |

THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
### (Conspiracy to Commit Bank Fraud)

1. From at least August 2014 through and including at least April 2018, in the Southern District of Ohio and elsewhere, Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** knowingly combined, conspired, and agreed with others, both known and unknown to the United States Attorney, to knowingly execute, and attempt to execute, a scheme or artifice to defraud a financial institution, and to obtain any of the moneys, funds, credits, and other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises, in violation of 18 U.S.C. § 1344.

2. It was part of the conspiracy that Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** and his coconspirators created accounts at financial institutions with the intent of securing fraudulent auto loans.

3. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** and his coconspirators recruited individuals who were eligible for membership in eligibility-based financial institutions with the intent of securing fraudulent auto loans.

4. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON** (a/k/a "RJ") and his coconspirators submitted and caused to be submitted several fraudulent auto loan applications. The fraudulent auto loan applications commonly represented that the purpose of the auto loans was to buy vehicles from other individuals, but after the loans were issued, the vehicles' titles were not transferred from the purported sellers to the purported buyers. The fraudulent auto loan applications were submitted with no intention that the vehicles would ever be transferred. The fraudulent applications also commonly contained forged documents, including false pay stubs.

5. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON** (a/k/a "RJ") and his coconspirators would submit multiple fraudulent auto loan applications on a single vehicle, with no intention that the vehicle's ownership would transfer in accordance with the representations on the auto loan applications.

6. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON** (a/k/a "RJ") and his coconspirators would check on the status of fraudulent auto loan applications by phone and over the internet.

7. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON** (a/k/a "RJ") and his coconspirators would register phones with fictitious names for use in the conspiracy.

8. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON** (a/k/a "RJ") and his coconspirators paid individuals to submit fraudulent auto loan applications and to allow the conspirators to submit fraudulent auto loan applications on their behalf.

**In violation of 18 U.S.C. § 1349.**

## COUNT 2
### (Conspiracy to Commit Money Laundering)

9. From at least August 2014 through and including at least April 2018, in the Southern District of Ohio and elsewhere, Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** knowingly combined, conspired, and agreed with others, both known and unknown to the United States Attorney, to commit offenses against the United States in violation of in violation of 18 U.S.C. §§ 1956 and 1957—namely:

    a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—that is, bank fraud—with the intent to promote the carrying on of specified unlawful activity—that is, bank fraud—and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

    b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity—that is, bank fraud—knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

  c. to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity—that is, bank fraud—in violation of 18 U.S.C. § 1957.

10. It was part of the conspiracy that Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** and his coconspirators would receive monetary instruments, including checks, that represented the proceeds of the bank fraud conspiracy described in Count 1.

11. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** and his coconspirators would cash and otherwise negotiate the checks that represented proceeds of the bank fraud conspiracy described in Count 1. Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** and his coconspirators cashed the checks in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the bank fraud conspiracy described in Count 1.

12. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON (a/k/a "RJ")** and his coconspirators would transfer, deliver, and otherwise dispose of funds to participants in the criminal activity with the intent to promote the carrying on of the bank fraud conspiracy described in Count 1.

13. It was further part of the conspiracy that Defendant **RASSAUN E. JOHNSON** (a/k/a "RJ") and his coconspirators engaged in monetary transactions in criminally derived property of a value greater than $10,000, including depositing, cashing, and transferring checks that represented the proceeds of auto loan fraud.

**In violation of 18 U.S.C. § 1956(h).**

## FORFEITURE ALLEGATION

14. The allegations contained in Counts 1 and 2 are incorporated here.

15. Upon conviction of either of the offenses as set forth in Counts 1 and 2 of this Information, Defendant **RASSAUN E. JOHNSON** shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, and any property involved in the offenses, including but not limited to a sum of money equal to $2,680,423.26 in United States Currency in the form of a forfeiture money judgment.

16. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(2) and 28 U.S.C. § 2461(c).

**All pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and Federal Rule of Criminal Procedure 32.2.**

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

_____
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney